# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEE JOHNSON,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE NAVY,<br>　　　　　Agency. | DOCKET NUMBER<br>SF-1221-14-0828-W-1<br><br><br>DATE: June 4, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Peter B. Broida</u>, Esquire, Arlington, Virginia, for the appellant.

<u>Tracey Rockenbach</u>, Esquire, Washington Navy Yard, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied her request for corrective action for alleged whistleblower reprisal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant serves as a contract and procurement attorney for the agency. Initial Appeal File (IAF), Tab 1 at 53. The agency proposed to suspend the appellant for 5 days based on her involvement in an investigation into allegations that a contracting officer with whom she worked, and with whom she had a contentious relationship, harassed an intern. *Id*. at 53-60. The record reflects that the appellant contacted the agency's security office raising concerns about the contracting officer's conduct and demeanor toward the intern and that, in response to her allegations, a security specialist was assigned to conduct an investigation. *Id*. at 54. At the security specialist's request, the appellant arranged for a meeting between the intern and the security specialist, and together they interviewed the intern at an offsite location. *Id*. During the interview, the intern denied that the contracting officer acted in an inappropriate manner, and, after the interview concluded, the intern reported the appellant's conduct to several agency employees, who in turn informed the appellant's supervisor. *Id*.

¶3    The agency conducted its own investigation into the circumstances surrounding the appellant's involvement in the offsite interview of the intern, and it solicited statements from the appellant, the security specialist, and the intern. *Id*. at 35-40, 50-51; IAF, Tab 4 at 88-95. In her statement, the intern explained

that she felt trapped during the interview and that the appellant appeared to lose patience when she did not complain about the contracting officer's behavior. IAF, Tab 4 at 90. Neither the appellant nor the security specialist denied meeting with the intern offsite, although both denied intimidating the intern during the meeting. IAF, Tab 1 at 35-40, 50-51.

¶4        Based on these events, the agency proposed to suspend the appellant for 5 days on a charge of notoriously disgraceful conduct. *See id.* at 53-60. After receiving an oral response from the appellant, the deciding official reduced the proposed suspension to 3 days, citing the appellant's length of service and rehabilitation potential. *Id*. at 62-64.

¶5        The appellant thereafter filed a complaint of whistleblower reprisal with the Office of Special Counsel (OSC), and she subsequently filed the instant individual right of action (IRA) appeal challenging her suspension. IAF, Tab 1. The appellant withdrew her request for a hearing, *see* IAF, Tab 15, and, based on the written record, the administrative judge found that the appellant established jurisdiction over her IRA appeal, but he denied the appellant's request for corrective action on the merits, finding that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected whistleblowing, *see* IAF, Tab 26, Initial Decision (ID). Specifically, the administrative judge found that the appellant established by preponderant evidence that she made a protected disclosure concerning an alleged violation of the agency's standards of conduct for employees based on the contracting officer's actions toward the intern and that the deciding official who imposed her suspension was aware of her disclosure because she raised it in her response to the proposed suspension. ID at 4-6. The administrative judge found, however, that the strength of the agency's reasons for taking the action outweighed the fact that the appellant, but not the security specialist, was disciplined for her involvement in interviewing the intern and that the agency

established by clear and convincing evidence that it imposed the suspension based upon her conduct and not upon her protected disclosure.  ID at 7-11.

¶6        The appellant has filed a petition for review arguing that the administrative judge erred in denying her request for corrective action.  Petition for Review (PFR) File, Tab 1.  Specifically, the appellant argues that the agency failed to prove its charge of notoriously disgraceful conduct and that, if the appellant's actions were as egregious as alleged by the agency, the agency also should have disciplined the security specialist for his involvement in the investigation.  *Id*. at 10-14, 21.  The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply.  PFR File, Tabs 3-4.  For the reasons that follow, we AFFIRM the administrative judge's denial of corrective action.

¶7        Where, as here, an appellant exhausts her administrative remedy with OSC and establishes the Board's jurisdiction in an IRA appeal, the appellant then must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that she made a protected disclosure that was a contributing factor in a personnel action taken against her.  5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).  If the appellant makes this prima facie showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure.  *Lu*, 122 M.S.P.R. 335, ¶ 7. Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than the "preponderance of the evidence" standard.  *Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 18 (2003), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004); 5 C.F.R. § 1209.4(e).  In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of the action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency

takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Lu*, 122 M.S.P.R. 335, ¶ 7 (citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence. Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Id*.

¶8      Upon review of the record below, we agree with the administrative judge that the appellant established by preponderant evidence that she reasonably believed she was disclosing a violation of agency policy when she reported to the agency's security office her concerns about the contracting officer's conduct toward the intern. ID at 4-5 (citing *Reed v. Department of Veterans Affairs*, 122 M.S.P.R. 165, ¶ 17 (2015) (disclosure of failure to follow an agency handbook is a protected disclosure under section 2302(b)(8)). We further agree that the appellant established that this disclosure was a contributing factor in her 3-day suspension under the knowledge and timing test because the deciding official was aware of her disclosure when he decided to impose the suspension, and his decision was made within a sufficiently close temporal nexus to her disclosure. ID at 6 (noting that the timing of the decision to impose the 3-day suspension satisfied the knowledge and timing test). The agency has not challenged these findings on review, and we find no reason to differ with the administrative judge's well-reasoned conclusions.[2]

---

[2] We disagree with the appellant's suggestion on review that the agency's decision not to challenge these findings in a cross-petition for review is probative of the ultimate issue in this appeal, i.e., whether the agency established by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected whistleblowing. *See* PFR File, Tab 4 at 5; *see also Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 13 (2013). We assign no weight to the agency's decision not to file a cross-petition for review on some of the administrative judge's findings.

¶9    We further agree with the administrative judge that the agency established by clear and convincing evidence that it suspended the appellant for 3 days because of her involvement in the interview of the intern following her disclosure and not based upon the disclosure itself.  ID at 7-11.  In reaching this conclusion, the administrative judge carefully balanced the *Carr* factors, and on review the appellant has presented no basis for us to disagree with his findings that the 3-day suspension would have occurred in the absence of her protected disclosure.  Specifically, we find no merit to the appellant's primary argument on review that the agency failed to prove its charge of notoriously disgraceful conduct by clear and convincing evidence.  *See* PFR File, Tab 1 at 10.  In an IRA appeal, the Board lacks the authority to adjudicate the merits of the underlying personnel action; rather, the Board's jurisdiction is limited to adjudicating the whistleblower allegations.  *See Lu*, 122 M.S.P.R. 335, ¶ 7.  Although the Board will consider the strength of the agency's justification for taking the challenged action as part of the clear and convincing analysis, the Board does not conduct a merits-based analysis of an agency's charge of misconduct in an IRA appeal as it would in an appeal under chapter 75, and we decline to do so here.[3]  *See, e.g.*, *Marren v. Department of Justice*, 51 M.S.P.R. 632, 638 (1991), *aff'd*, 980 F.2d

---

[3] We similarly find unconvincing the appellant's argument that the Board should consider why the agency ultimately used a specific charge of misconduct rather than a generic conduct unbecoming charge as it had originally considered.  *See, e.g.*, PFR File, Tab 4 at 10 (explaining that "at the last moment" the agency proposed to suspend the appellant for notoriously disgraceful conduct rather than conduct unbecoming); IAF, Tab 19 at 95.  The Board does not have general jurisdiction to decide the merits of the underlying personnel action, and it has held this proscription, for example, precludes the Board from considering alleged due process violations in connection with the underlying action.  *See Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 34 (2011).  Where, as here, the appellant did not specifically challenge the agency's decision to change the nature of its charge in her OSC complaint, we will not consider if such a change is a personnel action for purposes of an IRA appeal.  *See* IAF, Tab 1 at 29 (identifying the challenged personnel action as a proposed 5-day suspension, which the deciding official reduced to 3 days); *see also Tucker v. Department of Health & Human Services*, 73 M.S.P.R. 278, 283 (1997) (an employee must specifically inform OSC of the nature of her charge of whistleblowing).

745 (Fed. Cir. 1992) (Table), *modified on other grounds by Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 323 n.13 (1994).

¶10    We further agree with the administrative judge that, based on the information available to the agency at the time of the appellant's suspension, the agency presented a sufficiently strong reason for taking the personnel action. *See Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 15 (2010); *see also* ID at 7-8. We concur with the administrative judge that the agency had a strong justification for suspending the appellant based upon her involvement in an interview of an agency intern without supervisory permission at an offsite location and that her history of personal conflict with the contracting officer, at a minimum, appears to have played a role in both her reporting the actions of the contracting officer to the agency's security office and her involvement in the interview of the intern. ID at 3, 7-8. The Board has held that, even if an employee did not actually commit the alleged misconduct upon which the challenged personnel action is based, it does not necessarily follow that the action was taken in reprisal for protected whistleblowing. *See Phillips*, 113 M.S.P.R. 73, ¶ 15 (citing *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1372-73 (Fed. Cir. 2001)). As the administrative judge, we limit our review of the agency's explanation for taking the challenged personnel action to whether there is a sufficiently strong reason for taking the action based on the evidence available when the action occurred. *Id.* We agree that the agency had a sufficiently strong reason for disciplining the appellant due to her involvement in actions outside of her normal job duties and the lack of confidence the agency had in her ability to work with the contracting officer following this incident. *See Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 90 (2001) (finding that the nature of the charges provided a sufficiently strong reason for taking the challenged action); *see also* ID at 9 (noting that both supervisory and subordinate employees lacked trust and confidence in the appellant following the incident).

¶11    Finally, we find adequate justification in the record for the agency's having counseled the security specialist for his involvement in the incident. ID at 10. Unlike the appellant, who departed from her job duties and responsibilities as a contract and procurement attorney by participating in the interview of the intern, the security specialist responded to a report of harassment and acted within his job duties by interviewing the intern and investigating the claim of harassment. ID at 10-11. We also agree with the administrative judge that the employees' different positions of employment within the agency justifies the different levels of discipline imposed, and we find no reason to differ with the administrative judge's conclusion that neither the proposing nor the deciding official had a strong motive to retaliate against the appellant. ID at 9-11.

¶12    Based on the foregoing, we agree with the administrative judge's conclusion that the agency presented clear and convincing evidence that it would have suspended the appellant even in the absence of her protected disclosure. *See Shibuya*, 119 M.S.P.R. 537, ¶ 37 (a proper analysis of the clear and convincing issue requires all of the evidence to be considered) (citing *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012)); *see also McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 66 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012), *cert denied*, 134 S. Ct. 386 (2013). Accordingly, the administrative judge's denial of corrective action is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

at      http://www.mspb.gov/probono for      information      regarding pro      bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.