# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICK D. SALERNO,

           Appellant,

        v.

DEPARTMENT OF THE INTERIOR,

           Agency.

DOCKET NUMBER
SF-1221-14-0756-B-1

DATE: September 1, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rick D. Salerno, Citrus Heights, California, pro se.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed by the agency as a Telecommunications Specialist with the Bureau of Land Management (BLM) until he resigned in August 2014. *Salerno v. Department of the Interior*, MSPB Docket No. SF-1221-14-0756-W-1, Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 6. He filed a Board appeal alleging that, among other actions, the agency suspended him in retaliation for his filing a disclosure complaint with the Office of Special Counsel (OSC) on February 4, 2013, and making various alleged protected disclosures. IAF, Tabs 1, 4.

¶3 In an initial decision, the administrative judge dismissed the appellant's IRA appeal for lack of jurisdiction on the ground that he had failed to nonfrivolously allege that he had made a protected disclosure or that his filing a disclosure complaint with OSC was a contributing factor in the agency's decision to suspend him. IAF, Tab 24 at 8-13. In an Opinion and Order, the Board reversed the administrative judge's initial decision, finding that the appellant had made nonfrivolous allegations of Board jurisdiction, and remanded the appeal for further adjudication. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230

(2016). The Board found that the appellant had nonfrivolously alleged that he had engaged in protected activity under 5 U.S.C. § 2302(b)(9) by filing a disclosure complaint with OSC on February 4, 2013, and that, based on the knowledge/timing test, he had nonfrivolously alleged that his protected activity was a contributing factor in the agency's decision to suspend him for 30 days, effective May 5, 2014. *Id.*, ¶¶ 12‑14.

¶4　　　On remand, after holding a hearing, the administrative judge issued a remand initial decision denying the appellant's request for corrective action. *Salerno v. Department of the Interior*, MSPB Docket No. SF-1221-14-0756-B-1, Remand File (RF), Tab 13, Remand Initial Decision (RID). The administrative judge found that, although the appellant had proven by preponderant evidence that he engaged in protected activity by filing a disclosure complaint and that such protected activity was a contributing factor in his 30-day suspension based on the knowledge/timing test, RID at 5-6, the agency had proven by clear and convincing evidence that it would have suspended him in the absence of his protected activity, *id.* at 6-15.

¶5　　　The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition, PFR File, Tab 4, and the appellant has filed a reply,[2] PFR File, Tab 5.[3]

---

[2] We have not considered the new arguments raised by the appellant in his reply. PFR File, Tab 5 at 4-8. Although the Board's regulations allow for a reply to a response to a petition for review, such a reply must be "limited to the factual and legal issues raised by another party in the response to the petition for review." 5 C.F.R. § 1201.114(a)(4). Here, while the agency argued in its response to the appellant's petition for review that he had not met the legal standard for review, PFR File, Tab 4 at 1-2, this did not open the door to allow him to raise brand new arguments in his reply that he did not raise in his petition for review.

[3] On August 25, 2016, after the record closed on review, the appellant requested leave to file an additional pleading. PFR File, Tab 6. The Clerk of the Board previously advised the appellant that the Board's regulations do not provide for such pleadings, 5 C.F.R. § 1201.114(a)(5), and that, for the Board to consider an additional pleading, the party must describe the nature and need for it, and also must show that it was not readily available before the record closed. PFR File, Tab 3. In his submission, the

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly determined that the agency proved by clear and convincing evidence that it would have suspended the appellant in the absence of his protected activity.</u>

¶6      When, as here, an appellant exhausts his administrative remedy with OSC and establishes the Board's jurisdiction over an IRA appeal, he then must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). If the appellant makes this prima facie showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure or activity. *Lu*, 122 M.S.P.R. 335, ¶ 7. Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than the "preponderance of the evidence" standard. *Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 18 (2003), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004); 5 C.F.R. § 1209.4(e).

¶7      In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of the action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Lu*, 122 M.S.P.R. 335, ¶ 7 (citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)). The Board does not view these factors as discrete elements, each of

appellant seeks to submit evidence of the "Personal impact while waiting for Case Review." PFR File, Tab 6. Because this evidence is not material to the outcome of the appeal, we deny the appellant's request.

which the agency must prove by clear and convincing evidence. Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Id.*

¶8 Upon review of the record below, we agree with the administrative judge that the agency established by clear and convincing evidence that it would have suspended the appellant absent his protected activity. RID at 14. In reaching this conclusion, the administrative judge carefully balanced the *Carr* factors, and on review the appellant has presented no basis for us to disagree with his findings.

¶9 We agree with the administrative judge that the agency had sufficiently strong reasons for suspending the appellant. RID at 12-15. Effective May 5, 2014, the agency suspended the appellant for 30 days for failing to follow instructions to use his Government purchase card to make work-related purchases and not to pay for job-related materials with personal funds when he purchased a radio antenna using his personal credit card. IAF, Tab 5, Subtabs 4(c),(e). The record reflects that the appellant previously had received a letter of reprimand on January 10, 2013, prior to filing his OSC disclosure complaint on February 4, 2013, for, among other things, failing to follow supervisory instructions concerning the use of his Government purchase card. *Id.*, Subtab 4(*l*). In addition, the appellant received a 2-day suspension in December 2013, for failing to follow supervisory instructions related to his purchase card use. *Id.*, Subtabs 4(j)-(k). The appellant was specifically advised in the letter of reprimand that he was not permitted to use personal funds for work-related purchases. *Id.*, Subtab 4(*l*) at 3.

¶10 The administrative judge found that the appellant admitted that he had purchased the antenna using personal funds, despite previously having been instructed not to do so. RID at 14-15. He credited the proposing official's testimony that he proposed the 30-day suspension after the appellant refused to alter his behavior in response to prior discipline and the deciding official's testimony that he did not mitigate the 30-day suspension because he did not

believe lesser discipline would get the appellant's attention. RID at 12-14. The administrative judge further found it significant that the agency only proposed a 30-day suspension for the appellant's third offense of failure to follow instructions even though the agency's table of penalties permits removal under such circumstances. RID at 15.

¶11 Regarding the second *Carr* factor, the administrative judge credited testimony of the proposing official that he was not aware of the appellant's protected activity.[4] RID at 14. The administrative judge further found that the deciding official had little motive to retaliate because he testified that he did not consider the appellant to be a whistleblower, he was not aware that the appellant had filed an OSC complaint until the appellant made reference to it in his response to the proposed 30-day suspension, he never saw the appellant's OSC complaint, and he was unaware of the specific content of it beyond the appellant's reference to it in his response to the proposed 30-day suspension. RID at 13-14.

¶12 Regarding the third *Carr* factor, the administrative judge found that there were no similarly situated employees because the deciding official testified that the appellant was the only individual whose behavior was not corrected by a 2-day suspension and required him to issue a 30-day suspension. RID at 15. In light of our consideration of the *Carr* factors, we agree with the administrative judge that the agency met its burden.

---

[4] To the extent the appellant is arguing on review that the proposing official became aware of his OSC disclosure complaint during a meeting in June 2013, PFR File, Tab 1 at 6, such an argument was not raised below. Because the appellant has not explained why he could not have made this argument before the administrative judge, we need not consider it for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

<u>The administrative judge did not abuse his discretion in his rulings on discovery, admissibility of evidence, or witnesses approved to testify at the hearing.</u>

¶13    On review, the appellant contends generally that the administrative judge improperly denied his witnesses.  PFR File, Tab 1 at 3-4, 6.  An administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious.  *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985).  Rulings regarding the exclusion of evidence are subject to review by the Board under an abuse of discretion standard.  *Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 11 (2012).

¶14     The record reflects that, in his prehearing submissions, the appellant requested to call (1) "Any Department of Interior employee with an active COMSEC/OPSEC Certification and active Security Clearance of Top Secret" and (2) the "District Manager of the BLM California Desert District Office to provide answers regarding BLM Security Policy, DOI Security Policy, California Radio Security Policy (CAL IFOG), Federal Radio Security Policy (NIFOG) and Configuration Management of Encryption Keys."  RF, Tab 7 at 5.  During the prehearing conference, the appellant identified two particular employees, one in each of these categories.  RF, Tab 11 at 2.  The administrative judge, however, denied both of these witnesses finding that their proffered testimony was not relevant to the issues in the appeal.  *Id.*

¶15    There is no evidence in the record indicating that the appellant objected to the administrative judge's denial of these witnesses, and thus he is precluded from doing so on petition for review.  *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).  Even if the appellant had preserved an objection, we would not disturb the initial decision based on exclusion of witnesses because the appellant has not explained how he was prejudiced by their exclusion; that is,

he has not explained how their testimony, if admitted, would have affected the outcome.[5] *See Roth v. U.S. Postal Service*, 54 M.S.P.R. 290, 295-96 (1992).

¶16    Next, the appellant contends that the administrative judge improperly limited his questioning of the agency's witnesses. PFR File, Tab 1 at 4, 6. We have reviewed the record and find that the limits placed on his questioning of witnesses were within the administrative judge's broad discretion to control the hearing. 5 C.F.R. § 1201.41(b)(6); *see, e.g.*, *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003) (stating that an administrative judge has wide discretion to control the proceedings before him, to receive relevant evidence, and to ensure that the record on significant issues is fully developed); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (stating that an administrative judge has wide discretion to control the proceedings, including authority to exclude testimony he believes would be irrelevant or immaterial).

¶17    Finally, the appellant renews his argument in his petition for review of the initial appeal proceedings that the administrative judge improperly denied his motion to compel discovery. PFR File, Tab 1 at 5. We previously addressed the appellant's arguments regarding his motions to compel in the February 22, 2016 Opinion and Order, and found that they did not warrant a different outcome. *Salerno*, 123 M.S.P.R. 230, ¶¶16-17. We decline to reconsider our findings.

The appellant's remaining arguments and evidence do not provide a basis for reversal.

¶18    On review, the appellant renews his argument that OSC committed harmful error in its investigation of his allegations. PFR File, Tab 1 at 7. He also complains that OSC delayed responding to the allegations in his disclosure complaint and ignored and misconstrued certain information. *Id.* However, the propriety of OSC's investigation is not relevant to the issues in this appeal. Thus,

---

[5] We find that the appellant's general assertions that he was denied witnesses and that he "remains with unanswered questions for the Agency," PFR File, Tab 1 at 4, are insufficient to show how he was prejudiced by the exclusion of any particular witness.

we find such arguments do not provide a basis for reversing the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

¶19     The appellant also submits several documents with his petition for review, which we have not considered because we find they do not constitute new and material evidence under 5 C.F.R. § 1201.115(d). *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

¶20     First, he submits copies of two directives from the agency's Office of the Chief Information Officer and contends that the agency failed to comply with these directives.  PFR File, Tab 1 at 11-15.  We have not considered these documents because they were available prior to the close of the record below, and thus they are not new.  The appellant attempted to introduce these documents as exhibits during the hearing, but the administrative judge did not admit them because he found that the appellant failed to show good cause for submitting them after the deadline for filing prehearing submissions, and failed to show they were relevant to the issues in the appeal.  RF, Tab 12, Hearing Compact Disc at 4:30-13:00.  We discern no error with the administrative judge's decision not to admit the exhibits.  *See Roof v. Department of the Air Force*, 53 M.S.P.R. 653, 658 (1992) (holding that an administrative judge properly exercised her discretion to exclude an appellant's medical evidence because it was not timely submitted to the Board in the prehearing submission or to the agency in discovery).

¶21     Second, he submits for the first time on review a February 21, 2013 letter from the U.S. House of Representatives Committee on Natural Resources to the President requesting that the President nominate a permanent Inspector General

(IG) for the Department of the Interior, citing mismanagement by the current Acting IG. PFR File, Tab 1 at 16-17. The appellant contends that this document shows that the agency's IG office generally mishandled whistleblower complaints. *Id.* at 8-9. We find that this document does not constitute new and material evidence under 5 C.F.R. § 1201.115(d) because the appellant has not shown that it was unavailable prior to the close of the record below or explained how it is relevant to the issue of whether the agency suspended him in reprisal for filing his disclosure complaint. *See Le v. U.S. Postal Service*, 114 M.S.P.R. 430, ¶ 6 (2010). Thus, it would not provide a basis for granting review because it is not of sufficient weight to warrant a different outcome from that of the initial decision. *See Russo*, 3 M.S.P.R. at 349.

¶22 Accordingly, we affirm the administrative judge's denial of corrective action.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of

appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.