Lori A. SUTTON, Petitioner,

v.

**DEPARTMENT OF JUSTICE,**
**Respondent.**

No. 04–3003.

United States Court of Appeals, Federal Circuit.

DECIDED: May 6, 2004.

Lori A. Sutton, of Counsel, Reynoldsburg, OH, pro se.

Margaret E. McGhee, Principal Attorney, David M. Cohen, Deborah A. Bynum, of Counsel, Department of Justice, Washington, DC, for Respondent.

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Lori A. Sutton seeks review of the final decision of the Merit Systems Protection Board (Board) sustaining her removal by the Department of Justice (agency) and denying her Individual Right of Action (IRA) appeal under the Whistleblower Protection Act (WPA), 5 U.S.C. § 2302(b)(8). *Sutton v. Dep't of Justice*, 94 M.S.P.R. 4 (2003). We *affirm*.

## DISCUSSION

The charges leading to Ms. Sutton's removal were quite serious. Ms. Sutton was employed as an administrative services specialist in the United States Attorney's Office, District of Kansas. Without authorization, she altered a personal letter written by her supervisor, the office's Administrative Officer, cut and pasted his signature onto the altered letter, and mailed copies of the letter in franked government envelopes to individuals, including state and federal judges, who were not intended recipients of the original letter. These actions created the appearance that the U.S. Attorney's Office supported her supervisor's personal views. During an investigation into the incident, Ms. Sutton initially denied her actions but ultimately confessed after failing a polygraph test. The agency removed her based on charges of misuse of government property, unprofessional behavior, and making misrepresentations during an official investigation.

Ms. Sutton filed two separate appeals with the Board. The first appeal directly challenged her removal. The second was an IRA appeal alleging that three of the agency's personnel actions–Ms. Sutton's proposed removal, her effected removal, and a letter of reprimand (unrelated to the charges leading to her removal)–resulted from protected disclosures in violation of the WPA. The two appeals were consolidated, first informally by the administrative judge (AJ), and then formally by the full Board.

In an initial decision dated April 25, 2001, the AJ sustained the removal action and dismissed the IRA appeal for lack of jurisdiction. In a final decision dated August 1, 2003, the full Board affirmed the

removal action on the merits, but reversed the AJ on the jurisdictional issue and went on to deny Ms. Sutton's IRA appeal on the merits.

Ms. Sutton's appeal to this court focuses on the reasonableness of the removal penalty imposed by the agency. She has not denied the charges against her, either before the Board or on appeal. Instead, she argues that the penalty of removal was unreasonably harsh because her misconduct occurred while she was under stress from a hostile working environment, allegedly caused by harassment and retaliation for discrimination complaints she filed. In her appeal brief, she contends the Board did not consider the hostile working environment, or its impact on her health, when reviewing the reasonableness of the agency's penalty in accordance with *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280 (1981).

When reviewing a penalty imposed by an agency, the scope of our review is especially narrow. Determination of an appropriate penalty is left to the sound discretion of the employing agency; this court will not disturb a penalty unless it is "totally unwarranted or grossly disproportionate" to the charged misconduct. *Mazares v. Dep't of the Navy,* 302 F.3d 1382, 1386 (Fed.Cir.2002). In this case, the AJ considered the relevant *Douglas* factors, including potential mitigating circumstances.* The AJ did consider Ms. Sutton's claims that she committed the charged misconduct while under stress, but he concluded she had not demonstrated that the stress had caused her to commit the misconduct. In her appeal to this court, Ms. Sutton still provides no explanation of how stress from the work environ-

ment caused her to commit the charged misconduct, an affirmative act that adversely affected the reputation of the agency. Given the serious nature of the misconduct in this case, the Board did not err in affirming the agency's decision that removal was an appropriate penalty.

Ms. Sutton also alleges the Board erred when it denied her motion to compel additional discovery responses regarding the agency's adverse action policy, the letter of reprimand, and her discrimination claims. This court will not overturn the Board's rulings on discovery matters unless the Board abused its discretion and the petitioner shows "the error caused substantial harm or prejudice to [her] rights which could have affected the outcome of the case." *Curtin v. Office of Pers. Mgmt.,* 846 F.2d 1373, 1379 (Fed.Cir.1988). To the extent her requests were not incomprehensible or irrelevant to the actions under appeal, Ms. Sutton has not explained how the AJ committed prejudicial error by stating that her requests would be unduly burdensome, particularly in view of the many relevant documents the agency had already produced. Ms. Sutton has failed to satisfy the standard for overturning the AJ's discretionary rulings.

Ms. Sutton also appears to argue that the agency's letter of reprimand was an unreasonable penalty. We cannot address that argument, however, because the letter of reprimand is not an adverse action separately appealable to the Board; it is only relevant to Ms. Sutton's IRA appeal, which the Board denied. Ms. Sutton's appeal brief does not challenge the Board's denial of her IRA appeal, and she therefore has waived any challenges to that part of the Board's decision.

---

* In her appeal brief, Ms. Sutton states that the Board failed to mention the *Douglas* factors. We note that the full Board was not required to do so because the AJ discussed the relevant *Douglas* factors, and the Board affirmed the AJ's findings regarding the removal action without further discussion.

We have considered Ms. Sutton's other arguments and find them to be without merit.