## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RONALD J. HERMAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-10-0164-B-3 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>　　　　　Agency. | DATE: July 6, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Dennis L. Friedman, Esquire, Philadelphia, Pennsylvania, for the appellant.

Gail Elkins, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which denied his request for corrective action. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant is a GS–13 Human Resource Management Examiner with the agency's Bureau of Prisons. In that position, he reviews and evaluates programs at each of the agency's 116 correctional facilities and its central Human Resources Department. Previously, he filed an individual right of action (IRA) appeal alleging that the agency retaliated against him for protected whistleblowing. *See Herman v. Department of Justice*, 115 M.S.P.R. 386 (2011). The appellant alleged that he made the following disclosures protected under the Whistleblower Protection Act (WPA): (1) a manager violated the Privacy Act by telling the appellant's second-level supervisor, R.S., that the appellant's review of the agency's Consolidated Employee Services Center may have been unduly harsh because his daughter, who had worked there, had been disciplined; (2) his first-level supervisor, R.E., abused her authority by issuing two letters of counseling, issuing a critical mid-year performance review, and threatening to detail him to another position while indicating that if he (the appellant) applied for another position she would make everything go away; and (3) R.S. and R.E. abused their authority during a number of facility reviews by arriving late, not interacting with the review team, making sarcastic and inappropriate comments in front of the team, and delegating to an inmate the handling of sensitive documents. *Id*., ¶ 2. The appellant alleged that, in retaliation for his alleged protected disclosures, the agency took the following personnel actions: (1) issued him two letters of counseling; (2) gave him an unfavorable mid-year performance review; and (3) reassigned him to a different position. *Id*.

The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that he had made a protected disclosure. *Id*., ¶ 4. The Board reversed the initial decision, found that the appellant had made a nonfrivolous allegation that he made protected disclosures, thus establishing Board jurisdiction, and remanded the appeal for a hearing. *Id*., ¶¶ 12-14; *see Peterson v. Department of Veterans*

*Affairs*, [116 M.S.P.R. 113](), ¶ 8 (2011) (once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim). On remand, the administrative judge bifurcated the hearing,[2] assumed that the appellant had made a prima facie case of retaliation under the WPA, and proceeded directly to whether the agency proved by clear and convincing evidence that it would have taken the same action absent the appellant's whistleblowing, without first deciding whether he had established by preponderant evidence that he made a protected disclosure and whether that disclosure was a contributing factor to a personnel action. *See Herman v. Department of Justice*, [119 M.S.P.R. 642](), ¶ 19 (2013). The administrative judge allowed testimony only on the issue of whether the agency established its affirmative defense by clear and convincing evidence, found that the agency met its burden of proof, and denied the appellant's request for corrective action. *Id*., ¶ 6. The appellant again petitioned for review, arguing that the administrative judge erred in his fact findings and credibility determinations and prevented him from fully developing his case. *Id*., ¶ 7.

¶4 The Board agreed and found that the record was not sufficiently developed for it to determine whether the agency carried its burden by clear and convincing evidence. *Id*., ¶¶ 12-20. The Board also found that in this case the circumstantial

---

[2] As noted, this case arises under the WPA, and, under that statute, administrative judges often bifurcated the hearing, assuming that the appellant had established his prima facie case of retaliation by preponderant evidence and proceeding directly to the agency's affirmative defense, i.e., whether the agency proved by clear and convincing evidence that it would have taken the same action absent the whistleblowing. *See Sutton v. Department of Justice*, [94 M.S.P.R. 4](), ¶ 17 (2003), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004). However, in 2012, Congress passed the Whistleblower Protection Enhancement Act (WPEA). Pub. L. No. 112-199, 126 Stat. 1465. The WPEA instructs that a denial of a request for corrective action on the basis that the agency established its affirmative defense may only be made "after a finding that a protected disclosure was a contributing factor," i.e., after a finding that the appellant made his prima facie case. [5 U.S.C. § 1221](e)(2); *see Belyakov v. Department of Health & Human Services*, [120 M.S.P.R. 326](), ¶ 7 n.3 (2013). Although this case arises under the WPA, we are also adjudicating it consistent with the provisions of the WPEA.

evidence bearing on retaliatory motive includes the substance of the appellant's allegedly protected activity as well as the extent to which R.S. was aware of it. *Id*., ¶ 20. The Board further found that R.S.'s motive to retaliate is relevant to both the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision. *Id*. The Board noted that our reviewing court, in *Kahn v. Department of Justice*, 618 F.3d 1306, 1316 (Fed. Cir. 2010), stated its preference that the Board resolve all issues in an IRA appeal, including whether the appellant proved his prima facie case. *Herman*, 119 M.S.P.R. 642, ¶ 19. The Board's decision remanded the appeal for "further adjudication of the appellant's prima facie case of whistleblower reprisal" and, if necessary, a new analysis of whether the agency established by clear and convincing evidence that it would have taken the personnel actions at issue in the absence of the disclosures. *Id*., ¶ 21.

¶5        A different administrative judge was assigned to adjudicate the appeal on the second remand.[3] In the second remand decision, the new administrative judge determined that the appellant had not met his burden to prove his prima facie case of retaliation, finding that he had failed to prove by preponderant evidence that he had made protected disclosures. MSPB Docket No. DC-1221-10-0164-B-3, Remand Appeal File (RAF), Tab 54, Remand Initial Decision.

¶6        In his petition for review, the appellant contends that the administrative judge was precluded by the law of the case doctrine from finding that the appellant had failed to make protected disclosures. MSPB Docket No. DC-1221-10-0164-B-3, Petition for Review (PFR) File, Tab 5 at 10-11. He asserts that the Board found in *Herman*, 115 M.S.P.R. 386, that he had made protected disclosures. PFR File, Tab 5 at 10-11. He also asserts that the administrative judge erred in denying his motion to compel discovery of email exchanges between various agency officials, including R.S. and R.E., to which the agency

---

[3] The original administrative judge in this matter retired.

had access, as these emails were relevant to his burden to prove his prima facie case. *Id.* at 11-15. The agency has responded to the petition for review, and the appellant has replied to that response. PFR File, Tabs 8, 12.

## DISCUSSION OF ARGUMENTS ON REVIEW

### The appellant's assertions regarding the law of the case doctrine are unavailing.

¶7        The law of the case doctrine refers to the practice of courts to refuse to reopen what already has been decided in an appeal and of following a prior decision in an appeal of the same case. *Hoover v. Department of the Navy*, 57 M.S.P.R. 545, 552 (1993). Contrary to the appellant's assertion, the Board previously did not decide that he had made protected disclosures in *Herman*, 115 M.S.P.R. 386. Rather, the Board agreed with the administrative judge that the appellant had exhausted his procedural remedies before the Office of Special Counsel (OSC), and, under the "knowledge/timing," had made a nonfrivolous allegation that his disclosures were a contributing factor to the alleged retaliatory personnel actions. *Herman*, 115 M.S.P.R. 386, ¶ 9. The Board went on to find that the appellant also made a *nonfrivolous allegation* that he had made protected disclosures, thus establishing jurisdiction over his IRA appeal. *See id.*, ¶ 10-12; *see also Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action). Thus, the Board's prior decision merely precluded the administrative judge from dismissing the appellant's IRA appeal for lack of jurisdiction.

<u>The administrative judge abused her discretion in denying the appellant's motion to compel discovery.</u>

¶8      Discovery is the process by which a party may obtain relevant information from another party to an appeal. 5 C.F.R. § 1201.72(a). "Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* What constitutes relevant information in discovery is to be liberally interpreted, and uncertainty should be resolved in favor of the movant absent any undue delay or hardship caused by such request. *Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 15 (2009). "The scope of discovery is broad: '[d]iscovery covers any nonprivileged matter that is relevant to the issues involved in the appeal . . . .'" *Baird v. Department of the Army*, 517 F.3d 1345, 1351 (Fed. Cir. 2008) (quoting 5 C.F.R. § 1201.72(b)). The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).

¶9      In this appeal, the appellant attempted to discover emails, notably those initiated by R.S. and R.E., to meet his burden of establishing a prima facie case of reprisal for whistleblowing.[4] *See* RAF, Tab 14. Specifically, according to the appellant, the emails would show, among other things, that R.S. communicated

---

[4] In contrast to the nonfrivolous allegations necessary to establish Board jurisdiction, in order to establish a prima facie case of reprisal for whistleblowing, the appellant must prove, by preponderant evidence, that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015). To establish that an appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8), he need not prove that the matter disclosed actually established one of the categories of wrongdoing listed under section 2302(b)(8)(A); rather, he must show that the matter disclosed was one which a reasonable person in his position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). *Id.*

with various agency officials, including R.E., in an effort to control and influence agency actions involving the appellant.  PFR File, Tab 5 at 11-15.

¶10    The appellant asserted that the agency's representation, that it had no access to emails covering the critical time periods involved in his discovery requests, was "inconceivable."  RAF, Tab 16 at 9.  Based on the appellant's assertion, the administrative judge ordered the agency to submit affidavits from employees in the agency's information technology (IT) office regarding, among other things, the systems searched and the information found.  RAF, Tabs 19, 23.  The appellant maintained that the agency's response to the administrative judge's order was misleading, and he filed a motion for sanctions.  RAF, Tab 33.  He alleged that the agency failed to acknowledge that its email management system, described as "Netmail" by the employee who conducted the email search in response to the appellant's discovery requests, is an archival tool for emails from which an employee cannot erase emails, and that R.S.'s and R.E.'s communications during the critical time frame would have been available in response to the appellant's discovery request.  *Id*. at 4-6.  The administrative judge denied the appellant's motion but approved his request for the IT employee to testify regarding the agency's archival email system.  RAF, Tab 39.

¶11    In his petition for review, the appellant references the IT employee's testimony in which he admits that, although he searched Netmail in response to the appellant's discovery requests, he failed to search another database called "GroupWise".  PFR File, Tab 5 at 14.  The appellant contends that this testimony shows that critical emails would have been available through a search of GroupWise and that the administrative judge erred by failing to sanction the agency for not producing them.  *Id*. at 11-17.

¶12    As the appellant asserts (and the agency does not appear to dispute), the IT employee testified that, in addition to Netmail, the agency has an email system called GroupWise that it used in the past and continues to use.  Hearing Transcript (HT) at 10-11.  The witness also testified that "GroupWise allows

users to create personal archives that can be stored where the user specifies, whether it be on their local hard drive or on a network location, and there is no easy way to determine the location of these emails or to search them." HT at 11-12. He further testified that the Netmail system was implemented in 2010, and, at that time, the agency began to migrate employees' emails into Netmail. HT at 13. The appellant, however, filed a Request for Production of Documents dating from 2008 and 2009. RAF, Tab 14 at 28-29. The IT employee testified that neither R.S.'s nor R.E.'s emails were pulled into the Netmail system because they left the agency early in 2010 and the agency started implementing Netmail around September 2010. HT at 27.

¶13    Because the appellant remained an employee of the agency, his emails were pulled into Netmail. *See* HT at 28 (testimony of IT employee). When the appellant asked at the hearing about the emails that he had sent that were not retrieved in the IT employee's Netmail search, the IT employee testified that GroupWise contains both personal emails, which he does not have the capacity to search, and GroupWise archived emails, which he can search. HT at 294-95. He testified, moreover, that the emails that the appellant produced appear to have come from GroupWise archived emails. HT 295-96. When asked if he searched those archived emails, the IT employee admitted that he did not. HT at 302. He also testified about the complex process necessary to search GroupWise personal emails, concluded that it was possible, and acknowledged that he did not conduct such a search. HT at 302-05. Finally, when asked what had happened to the content of R.S.'s email account when she retired, the IT employee answered that agency policy was to eliminate the account, but he acknowledged that he was not responsible for that function. HT at 308.

¶14    Based on the record evidence, we find that GroupWise and Netmail are different email systems, that the content of the two systems, while similar in some ways, is not identical, and that based on the testimony of the agency's IT employee, the agency did not search GroupWise pursuant to the appellant's

discovery request. It is also clear from the record that the GroupWise email system may contain emails, notably those to or from R.S. and R.E., that may be relevant to the appellant's prima facie case, including the reasonableness of his belief that one of the matters he disclosed is protected, the knowledge of his disclosures by agency officials, and the motivation of R.S., R.E., or other agency officials to retaliate against him.[5] Even if the agency carried out its policy to delete R.S.'s and R.E.'s email accounts after they left the agency, other employees remained at the agency who may have been the recipients of emails from R.S. and R.E., emails that may remain in their GroupWise personal archives because they would have predated the agency's efforts to pull GroupWise's personal archived emails into Netmail.

¶15    Because the appellant bears the burden of establishing his prima facie case and the emails in the GroupWise system appear that they might be relevant or might lead to the discovery of relevant evidence, we find that the administrative judge abused her discretion in failing to grant the appellant's motion to compel and order the agency to search the GroupWise email system for emails responsive to the appellant's discovery request. Accordingly, we vacate the initial decision and remand this appeal for the administrative judge to reopen discovery consistent with this decision. Once discovery is complete, the appellant may request a supplemental hearing to address issues arising as a result of the agency's responses to his discovery request. The administrative judge then shall issue a new initial decision.

---

[5] The Board, in its second remand order, specifically determined that the appellant must be permitted to develop the record on the substance of his allegedly protected activity as well as the extent to which R.S. was aware of it. *See Herman*, 119 M.S.P.R. 642, ¶¶ 12-20.

## **ORDER**

¶16     For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.[6]


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

---

[6] The appellant also asserts on review that the administrative judge erred in failing to find whether the agency proved its affirmative defense, i.e., whether it showed by clear and convincing evidence that it would have taken the personnel actions absent the appellant's whistleblowing. This case is not yet in a posture to address whether the agency proved its affirmative defense. Only if the appellant makes out a prima facie case is the agency required to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(2); *see Fellhoelter v. Department of Agriculture*, 568 F.3d 965, 970-71 (Fed. Cir. 2009).