**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JANE WEBSTER,

          Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

          Agency.

DOCKET NUMBER
DE-1221-16-0091-W-1

DATE: September 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jane Webster, Salt Lake City, Utah, pro se.

Letha Miller, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant served as a Staff Nurse at the agency's Salt Lake City Medical Center. Initial Appeal File (IAF), Tab 8 at 16. On May 20, 2015, the agency notified her that she would be detailed temporarily to a Health Administrative Services position during an investigation into concerns regarding her performance and conduct. IAF, Tab 6 at 57. A Summary Review Board (SRB) was convened to investigate the concerns raised about the appellant's performance and conduct on various occasions between December 2014 and April 2015. IAF, Tab 8 at 35-56. Following its investigation, on August 4, 2015, the SRB recommended that the appellant be terminated during her probationary period because, among other things, evidence supported concerns about her "attitude, competency, and behavior" and established that she had "difficulty performing her duties independently as well as working with others in a team environment," "demonstrated an unwillingness to learn or adapt to the needs of" the Gastrointestinal-Lab/Endoscopy Unit, and lacked "personal insight and accountability into her own performance and conduct deficiencies." *Id.* at 27.

Effective August 29, 2015, the agency terminated the appellant during her probationary period. *Id.* at 16.

¶3    The appellant filed a Board appeal alleging that the agency's actions in detailing her and terminating her during her probationary period were taken in retaliation for her May 15, 2015 disclosure concerning defective cabinet installation. IAF, Tab 1 at 8. The appellant's disclosure was related to an incident on May 14, 2015, in which a 700-pound cabinet located in another workspace fell on and injured a lab technician, and it was discovered that some cabinets had been improperly secured to the walls. IAF, Tab 7 at 47, Tab 8 at 14, Tab 17, Hearing Compact Disc (HCD) (testimony of the appellant). The following day, the appellant disclosed that she was concerned that she and other employees were still assigned to work in rooms that had the same type of cabinets as the one that had fallen and injured the lab technician. HCD (testimony of the appellant).

¶4    After finding Board jurisdiction over the appeal, IAF, Tab 10, and following a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action, IAF, Tab 18, Initial Decision (ID). The administrative judge found that, although the appellant had established a prima facie case of whistleblower reprisal, the agency met its burden of establishing by clear and convincing evidence that it would have detailed her and terminated her employment absent her disclosure. ID at 6-16.

¶5    The appellant has filed a petition for review arguing that the administrative judge erred in denying her request for corrective action. Petition for Review (PFR) File, Tab 1 at 2. The agency has opposed the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    When, as here, an appellant exhausts her administrative remedy with the Office of Special Counsel and establishes the Board's jurisdiction in an IRA

appeal, she then must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that she made a protected disclosure that was a contributing factor in a personnel action taken against her.  5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).  If the appellant makes this prima facie showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure.  *Lu*, 122 M.S.P.R. 335, ¶ 7.  Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than the "preponderance of the evidence" standard.  *Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 18 (2003), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004); 5 C.F.R. § 1209.4(e).

¶7        In determining whether an agency has met this burden, the Board will consider the following factors:  (1) the strength of the agency's evidence in support of the action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Lu*, 122 M.S.P.R. 335, ¶ 7 (citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)).  The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence.  Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole.  *Id.*

¶8        On review, the appellant disputes the agency's decisions to detail her and terminate her employment and argues that the evidence supporting the agency's decisions was insufficient.[2]  PFR File, Tab 1 at 2.  In an IRA appeal, however, the

---

[2] Neither party challenges the administrative judge's findings that the appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8), which was a contributing factor in her

Board lacks the authority to adjudicate the merits of the underlying personnel action; rather, our jurisdiction is limited to adjudicating the whistleblower allegations. *See Lu*, 122 M.S.P.R. 335, ¶ 7. The relevant inquiry is not whether the appellant committed any actual misconduct, but whether the agency had strong evidence to support its personnel action. *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 15 (2010). Thus, the administrative judge properly considered the strength of the agency's justification for taking the challenged actions as part of the clear and convincing analysis.

¶9      Upon review of the record below, we agree with the administrative judge that the agency established by clear and convincing evidence that it would have detailed and terminated the appellant absent her disclosure. ID at 16. In reaching this conclusion, the administrative judge carefully balanced the *Carr* factors, and on review the appellant has presented no basis for us to disagree with his findings.[3]

¶10     We agree with the administrative judge that the agency had sufficiently strong reasons for taking the personnel actions. ID at 12-13. The record reflects that, prior to the appellant's May 15, 2015 disclosure, numerous employees had raised concerns regarding her performance and patient care abilities. IAF, Tab 8 at 57-65, 82-88. The administrative judge credited the agency officials' testimony concerning emails showing that, prior to the appellant's disclosure, they already had begun addressing such concerns, conducting a fact-finding inquiry to initiate the SRB review process and discussing detailing the appellant

---

detail and termination, and we find no reason to disturb the administrative judge's findings on these issues. ID at 6-11.

[3] Because the agency did not present any evidence regarding the third *Carr* factor, the administrative judge properly considered it to be neutral. ID at 12; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012) (noting that the agency is not required to submit evidence concerning each *Carr* factor, and recognizing that the absence of evidence relating to the third *Carr* factor "can effectively remove that factor from the analysis").

to work in an administrative capacity. ID at 11‑13; IAF, Tab 13 at 11-18. The administrative judge also properly considered evidence weighing against the agency's case, but nevertheless found that the agency had proven by clear and convincing evidence that it would have detailed and terminated the appellant in the absence of her protected disclosure. ID at 13-15; *see Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 37 (2013) (stating that a proper analysis of the clear and convincing issue requires all of the evidence to be considered).

¶11     Regarding the second *Carr* factor, the administrative judge found that the individuals who ultimately made the decisions to detail the appellant and terminate her employment were not aware of her disclosure. ID at 15‑16. He further found that, although the appellant's first-level supervisor was aware of her disclosure and had encouraged the agency to detail the appellant, he had a weak motive to retaliate because he had begun the process of addressing the appellant's performance issues prior to her disclosure. ID at 15-16. In light of our consideration of the *Carr* factors, we agree with the administrative judge that the agency met its burden.

¶12     We find unavailing the appellant's argument on review that she was not aware that the SRB findings would be at issue in this appeal and that, per the jurisdictional order, she believed the appeal to be focused on "the actions of 5/14, 5/15, and 5/20/15." PFR File, Tab 1 at 2. Although administrative judges are obligated to provide more guidance to pro se appellants and interpret their arguments in the most favorable light, *see Miles v. Department of Veterans Affairs*, 84 M.S.P.R. 418, ¶ 10 (1999), the affirmative responsibility to present relevant evidence is fundamentally that of the parties, *Richardson v. Department of Justice*, 11 M.S.P.R. 186, 195 (1982). Here, the appellant was advised regarding the relevant issues and burdens of proof and had the opportunity to present evidence at the hearing. We discern no abuse of discretion by the administrative judge.

¶13     Accordingly, we affirm the administrative judge's denial of corrective action.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.