# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SUSAN M. MORRIS,<br>　　　　Appellant,<br><br>　　　v.<br><br>ENVIRONMENTAL PROTECTION<br>　AGENCY,<br>　　　　Agency. | DOCKET NUMBER<br>DC-1221-12-0749-B-1<br><br><br>DATE: June 15, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David H. Shapiro, Esquire, Washington, D.C., for the appellant.

Alexandra Meighan, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was formerly employed as a supervisory GS-15 Assistant Director in the agency's Office of Civil Rights (OCR). *Morris v. Environmental Protection Agency*, MSPB Docket No. DC-1221-12-0749-W-1, Initial Appeal File (IAF), Tab 1 at 2, 25. On February 3, 2010, the OCR Director reassigned the appellant to a nonsupervisory GS-15 position in OCR due to her conduct and alleged ongoing disrespect. *Morris v. Environmental Protection Agency*, MSPB Docket No. DC-1221-12-0749-B-1, Remand File (RF), Tab 14 at 14. On March 23, 2010, the OCR Director proposed to remove the appellant based on four charges: insubordination, wrongful disclosure of confidential personal information, misuse of supervisory authority, and making inappropriate statements in a work product. *Id.* at 4-9. Effective August 12, 2010, the agency removed the appellant. RF, Tab 13 at 44. The appellant filed a Board appeal alleging that the agency's actions were taken in retaliation for alleged protected disclosures she made in December 2009 and January 2010 regarding the agency's failure to file annual reports required by the Equal Employment Opportunity

Commission (EEOC) as well as her alleged December 15, 2009 disclosure of nepotism. IAF, Tab 1; RF, Tab 9 at 20.

¶3     In an initial decision based on the written record, the administrative judge found Board jurisdiction over the appellant's claim that her reassignment was in reprisal for whistleblowing, but she denied corrective action on the merits of that claim. IAF, Tab 30, Initial Decision (ID) at 7-9. The administrative judge found that the appellant's claims concerning her proposed removal and removal were barred by the doctrine of res judicata because she previously had withdrawn a separate adverse action appeal of her removal. ID at 5-7. On review, the Board vacated the initial decision and remanded the appeal, finding that the appellant's claim regarding her proposed removal was not barred by res judicata and the appellant had made nonfrivolous allegations of Board jurisdiction over her IRA appeal entitling her to a hearing, if requested. RF, Tab 1. The Board remanded the appeal for complete adjudication of the issues, and a hearing, if requested, noting that the appellant withdrew her hearing request below after the administrative judge determined that her proposed removal claim was barred by res judicata. *Id.* at 6 n.2.

¶4     On remand, after holding a hearing, the administrative judge issued a remand initial decision, denying the appellant's request for corrective action. RF, Tab 34, Remand Initial Decision (RID). The administrative judge found that the appellant made protected disclosures in December 2009 and January 2010, when she disclosed that the agency had violated the EEOC's Management Directive 715 (MD-715) by failing to submit required annual reports beginning with the 2006-07 report. RID at 8, 10-11. The administrative judge further found that the appellant met her burden of proving that her December 2009 disclosures were a contributing factor in the agency's decision to reassign her and propose her

removal based on the knowledge-timing test.[2] RID at 13-15. Regarding the appellant's December 15, 2009 alleged disclosure of nepotism, the administrative judge found that the appellant failed to prove that she had a reasonable belief that she was disclosing a violation of laws prohibiting nepotism because she did not offer any information concerning when the alleged improper appointments at issue took place, where the individuals at issue worked, or why she believed the hiring was improper. RID at 11-13. Lastly, the administrative judge found that the agency proved by clear and convincing evidence that it would have reassigned the appellant and proposed her removal absent her disclosures because, despite the proposing official's substantial motive to retaliate, the agency had strong legitimate reasons for its actions based on the appellant's misconduct as reflected in charges 1-3 of the proposed removal. RID at 15-30.

¶5      The appellant has filed a petition for review in which she contends that the administrative judge erred in finding that her disclosure regarding alleged nepotism was not protected and in finding that the agency met its burden of proving it would have taken the personnel actions absent her protected disclosures. *Morris v. Environmental Protection Agency*, MSPB Docket No. DC-1221-12-0749-B-1, Petition for Review (PFR) File, Tab 1 at 1-17. The agency has opposed the appellant's petition. PFR File, Tab 3.

---

[2] The administrative judge found that the appellant failed to show that her January 28, 2010 disclosure to the Office of the Inspector General was a contributing factor in her reassignment or proposed removal. RID at 15. The appellant does not challenge this finding on review, and we discern no error in the administrative judge's analysis.

## DISCUSSION OF ARGUMENTS ON REVIEW[3]

<u>The administrative judge properly found that the appellant's disclosure of alleged nepotism was not protected.</u>

¶6   The appellant contends that she disclosed violations of law prohibiting nepotism in an attachment to her December 15, 2009 email, in which she stated that "a review was made that found that sons, daughters and other relatives are being hired into positions at [the agency] and the 'buddy system' prevails.'" RF, Tab 28 at 8. To prove that her disclosure is protected, the appellant must prove by preponderant evidence[4] that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by her could reasonably conclude that the alleged conduct occurred and evidences one of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8)(A). *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 28 (2014). The test for protected status is not the truth of the matter disclosed but whether it was reasonably believed. *Id.*

¶7   On review, the appellant argues that the administrative judge erred in requiring her to identify the specific statute that was violated and in requiring her to provide objective evidence to support her claim that the alleged hiring was improper.[5] PFR File, Tab 1 at 6-8. To the extent the administrative judge found that the appellant failed to prove that the hiring of employees' relatives was improper, we agree with the appellant that this is not a valid basis for finding that

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[5] In support of her arguments, the appellant cites to *Hudson v. Department of Veterans Affairs*, 104 M.S.P.R. 283, ¶ 13 (2006). PFR File, Tab 1 at 7-8. *Hudson*, however, is distinguishable because it concerns whether the appellant made a nonfrivolous jurisdictional allegation that he made a protected disclosure, not whether he met his ultimate burden of proving by preponderant evidence that he made a protected disclosure. Here, the administrative judge found that the appellant made a nonfrivolous allegation of jurisdiction, relying on *Hudson*. RID at 13 n.11.

her disclosure is not protected under 5 U.S.C. § 2302(b)(8), because the appellant need only show that she had a reasonable belief that such hiring was improper. We find, however, that any such error was immaterial here because we agree with the administrative judge's ultimate conclusion that the appellant failed to prove that a reasonable person would have believed the agency was violating laws against nepotism and preferential treatment set forth in 5 U.S.C. § 2302(b)(6)-(7). RID at 13; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶8      The administrative judge found that the appellant failed to specify in any detail the grounds for her belief that these sections were violated and, thus, failed to prove that a reasonable person would have believed that the agency was violating section 2302(b)(6)-(7).  RID at 13.  On review, the appellant does not dispute these findings, and we discern no reason to disturb the administrative judge's conclusion that the appellant failed to provide sufficient evidence to establish that a reasonable person could conclude that the agency was violating any law, rule, or regulation concerning nepotism.  *Drake v. Agency for International Development*, 543 F.3d 1377, 1381 (Fed. Cir. 2008) (determining whether an appellant has a reasonable belief that a law, rule, or regulation was violated turns on the facts of a particular case); *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 21 (2005) (finding that an appellant must provide more than vague and conclusory allegations of wrongdoing to establish that he made a protected disclosure).

The administrative judge properly determined that the agency proved by clear and convincing evidence that it would have reassigned the appellant and proposed her removal in the absence of her protected disclosures.

¶9      Even if an appellant establishes that she made protected disclosures that were a contributing factor to the agency's personnel action, the Board will not order corrective action if the agency can show by clear and convincing evidence

that it would have taken the action absent the protected disclosures. 5 U.S.C. § 1221(e)(2); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than the "preponderance of the evidence" standard. *Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 18 (2003), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004); 5 C.F.R. § 1209.4(e).

¶10    In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of the action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Lu*, 122 M.S.P.R. 335, ¶ 7 (citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence. Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Id.* The Board must consider all of the evidence presented, including evidence that detracts from the conclusion that the agency met its burden. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

¶11    Regarding the second *Carr* factor, we agree with the administrative judge that the proposing official had a substantial motive to retaliate because she was responsible for approving and signing the MD-715 reports. RID at 16. Such a motive is reflected most prominently in charge 4 of the proposed removal, which is itself based on the appellant's December 15, 2009 protected disclosure that the proposing official was allegedly responsible for the agency's failure to submit the required MD-715 reports. RF, Tab 14 at 9. The proposing official disputed that she had wrongfully delayed the issuance of the MD-715 reports, and she charged

the appellant with making false and inappropriate statements. *Id.* Because the sole specification set forth to support charge 4 is grounded in the appellant's protected disclosure, charge 4 cannot serve as evidence in support of the agency's burden of establishing that it would have disciplined the appellant for reasons unrelated to her protected disclosure. *See Greenspan v. Department of Veterans Affairs*, 464 F.3d 1297, 1305 (Fed. Cir. 2006) (finding that, because the charges were anchored in the protected disclosures themselves, the agency failed to show substantial evidence in support of its burden); *see also Chambers v. Department of the Interior*, 602 F.3d 1370, 1380 (Fed. Cir. 2010) (stating that discipline may not be based on a protected disclosure).

¶12    On review, the appellant argues that the agency cannot meet its burden because her emails that form the basis of charges 1 and 2 also served as the source of her protected disclosures. PFR File, Tab 1 at 9-10. However, charges 1 and 2 are not anchored in the appellant's disclosures related to the MD-715 reports, but rather merely stemmed from the same source, the appellant's emails. As the administrative judge found, none of the statements from the emails cited in support of charge 1 concerned the appellant's protected disclosures. Rather, charge 1 was based on the appellant's additional inappropriate and disrespectful statements regarding her supervisor.[6] RID at 17-18. Thus, we find that, even if the purpose of the appellant's emails was to report the agency's failure to file the MD-715 reports, this purpose is not sufficient to insulate the appellant from discipline based on the nature of the additional inappropriate and disrespectful statements in her emails. *See Kalil v. Department of Agriculture*, 479 F.3d 821, 824-25 (Fed. Cir. 2007) (rejecting the appellant's argument that once a disclosure qualifies as protected, the character or nature of that disclosure can never support

---

[6] Moreover, specification 3 in support of charge 1 charged the appellant with insubordination during a monthly EEO Officers call based on her behavior that was wholly unrelated to her protected disclosures, which were neither made nor mentioned during the call. RF, Tab 14 at 7-8.

a disciplinary action); *Greenspan*, 464 F.3d at 1305 (stating that wrongful or disruptive conduct is not shielded by the presence of a protected disclosure); *Watson v. Department of Justice*, 64 F.3d 1524, 1528-30 (Fed. Cir. 1995) (rejecting the appellant's argument that an adverse action must be based on facts completely separate and distinct from protected whistleblowing disclosures). Therefore, the central question in this appeal is whether the agency has met its burden of establishing that it would have reassigned and proposed the appellant's removal based on her misconduct as set forth in charges 1-3 absent the protected disclosure identified in charge 4.[7]

¶13  Upon review of the record below, we agree with the administrative judge that the agency met its burden. RID at 17. The administrative judge considered the specifications underlying charges 1-3 in the proposal notice, the record evidence, and the hearing testimony. RID at 17-30. She carefully balanced the *Carr* factors and determined that the strength of the agency's evidence outweighed the proposing official's substantial motive to retaliate. RID at 16-30.

¶14  Regarding specifications 1 and 2 of charge 1, the administrative judge found that the appellant's December 11 and 14, 2009 emails were insubordinate because they contained negative characterizations of the proposing official and her leadership and also denigrated a number of the appellant's colleagues. RID at 18-19. The administrative judge also found that the appellant admitted, in essence, that her emails were unprofessional. RID at 19. Further, the administrative judge found that the appellant previously had been directed to behave civilly, an order which she intentionally disregarded by publicly

---

[7] This appeal concerns only the agency's decision to reassign the appellant and propose her removal, not its decision to sustain the removal because, as was previously determined, the issue of whether the appellant was removed in reprisal for whistleblowing is barred by res judicata. RF, Tab 1. Thus, the agency need only prove that it would have proposed the appellant's removal, not that it would have sustained the charges. Additionally, the appellant's reassignment was also based on her alleged misconduct as set forth in the proposed removal. RF, Tab 14 at 4 n.1.

denigrating her supervisor and colleagues in the emails. RID at 19. In particular, the administrative judge found that the appellant had received a lower performance appraisal rating in 2007 due to her difficulty working with others, had served a 7-day suspension in 2007 for insubordination, and had been directed in March 2009 to be civil and treat her colleagues with respect. RID at 17. On review, the appellant contends that the proposing official did not specifically testify that her emails were insubordinate. PFR File, Tab 1 at 14-15. In an IRA appeal, however, the Board lacks the authority to adjudicate the merits of the underlying personnel action; rather, our jurisdiction is limited to adjudicating the whistleblower allegations. *See Lu*, 122 M.S.P.R. 335, ¶ 7. The relevant inquiry is not whether the appellant committed any actual misconduct but whether the agency had strong evidence to support its personnel action. *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 15 (2010). Here, given the tone and content of the appellant's emails, and the fact that she had a history of similar misconduct, we find that the agency had sufficient reason to propose her removal.

¶15      Regarding specification 3 of charge 1, the administrative judge found that the appellant's conduct on a January 19, 2010 monthly EEO conference call was insubordinate. RID at 25. The administrative judge credited testimony of the proposing official and several other individuals who were on the telephone call, who stated that the appellant acted inappropriately and unprofessionally when she interrupted the proposing official to question another employee's competence, expressed her disagreement with that employee's assignment, and continued to press these issues despite the proposing official's instruction that they discuss them at a later time. RID at 20-25. The administrative judge found that the proposing official's testimony was consistent with her January 20, 2010 memorandum and her statements in the notice of proposed removal, and was corroborated by witness testimony, a witness statement, and a January 21, 2010 email from an employee on the call. RID at 22-23, 25. The appellant contends

on review that the testimony established that she was not loud and rambling and did not refer to a coworker as incompetent. PFR File, Tab 1 at 15-17. However, the administrative judge weighed the conflicting testimony and determined that, although the appellant was not loud and rambling and did not refer to a coworker as incompetent, her behavior was insubordinate because she referred to the coworker as nonperforming, questioned the coworker's competence, and interrupted the proposing official, after being told to discontinue her comments. RID at 24-25. It is well-established that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing and the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find that the appellant has not provided sufficiently sound reasons for overturning the administrative judge's credibility findings.

¶16      Regarding charge 2, Wrongful Disclosure of Confidential Personal Information, the administrative judge found that the proposing official reasonably believed that the appellant acted improperly by disclosing information in her December 11 and 14, 2009 emails concerning an employee's illness and EEO complaints that had been filed. RID at 26. The administrative judge found that, although the appellant did not learn of such information through confidential means, the proposing official reasonably believed that she acted improperly by sharing the information because it was unrelated to her work, there was no reason to send it to the email recipients, and, although some of the information may have been common knowledge in her office, the appellant admitted that she was not sure whether all of the email recipients were aware it. RID at 26-27. Nonetheless, we agree with the administrative judge that this alleged misconduct was poorly charged. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶¶ 45-46 (2016) (explaining that in evaluating the strength of the agency's evidence in support of its charge, the Board considers the charge brought and not

whether the agency could have proven a charge that it did not bring). We therefore find the agency did not provide strong evidence in support of charge 2.

¶17    Regarding charge 3, the administrative judge found that the agency had substantial evidence in support of its charge of misuse of supervisory authority. *Id.* The administrative judge credited the testimony of the proposing official that one of the appellant's subordinates had called her on his day off to report that the appellant had removed him from working on a project and accused him of being disloyal because he had discussed a potential speaker for the event with the proposing official. *Id.* The administrative judge found such testimony to be consistent with a December 18, 2009 email the proposing official sent to the appellant, a declaration submitted by the appellant's subordinate, and the notice of proposed removal. RID at 28. The appellant alleges on review that the administrative judge improperly failed to consider testimony that she acted properly in removing her subordinate from the project because he agreed to pay a proposed speaker for an event without first discussing it with her.[8] PFR File, Tab 1 at 12. However, the administrative judge considered such testimony but found it was not credible. RID at 28-29. The administrative judge found the appellant's testimony on this issue to be confusing, contradictory, and less than credible. RID at 28. She similarly found the appellant's witness, A.W., was not credible because her testimony contradicted her prior declaration and she testified that she did not recall either the details of the prior declaration, or the declaration itself. RID at 29.

---

[8] The appellant also argues that the proposing official's testimony is inconsistent because the proposal notice stated that she had to direct the appellant to allow the subordinate to complete the project, but at the hearing she testified that she allowed the appellant to remove the subordinate from the project. PFR File, Tab 1 at 12-13. However, the proposing official also testified that she directed the appellant to allow the subordinate to finish the project, Hearing Transcript at 297 (testimony of the proposing official), which is consistent with her December 18, 2009 email to the appellant, RF, Tab 14 at 42. The record is not developed as to why, despite such instruction, the appellant's subordinate did not complete the project.

¶18    We find that the nature of the charges 1 and 3 provided substantial support for the proposing official's decision to reassign the appellant and propose her removal.  The facts upon which these charges and specifications were based suggest that the appellant's relationship with her supervisor was adversarial and that her attitude toward the workplace had deteriorated to the point where she had become disrespectful, disruptive, and discourteous.  RID at 30.  Although the proposing official seemingly had a substantial motive to retaliate against the appellant, it appears that her primary motive for disciplining the appellant was her concern over the appellant's failure to follow directions and the appellant's disrespectful and disruptive conduct, rather than due to her protected disclosures.  Accordingly, we agree with the administrative judge that the retaliatory motive was outweighed by the strength of the evidence in support of the agency's actions.  *See Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 89 (2001) (weighing the first *Carr* factor in the agency's favor, despite the fact that not all of the charges and specifications were sustained).  The lack of evidence suggesting that the appellant was treated differently than similarly situated non-whistleblowers does not alter our finding.  RID at 15; *see Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018) (finding that *Carr* factor 3 cannot weigh in the agency's favor in the absence of relevant comparator evidence); *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 18 (same).

¶19    Accordingly, we affirm the initial decision, denying the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.