## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RONALD J. HERMAN,<br>            Appellant, | DOCKET NUMBER<br>DC-1221-10-0164-B-5 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>            Agency. | DATE: December 18, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis L. Friedman, Philadelphia, Pennsylvania, for the appellant.

Joseph McCluskey, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Except as MODIFIED by this Final Order to expressly find that the appellant did not prove by preponderant evidence that he had a reasonable belief that he made a protected disclosure, we AFFIRM the initial decision and DENY the petition for review.

## BACKGROUND

### The Initial Appeal

¶2 The appellant was a GS-13 Human Resource Management Examiner with the agency's Bureau of Prisons.[2] In that position, he reviewed and evaluated programs at each of the agency's 116 correctional facilities and its central Human Resources Department. Following a September 25, 2009 closure letter from the Office of Special Counsel (OSC), the appellant filed an individual right of action (IRA) appeal alleging that the agency retaliated against him for protected whistleblowing. *Herman v. Department of Justice*, 115 M.S.P.R. 386 (2011); *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-W-1, Initial Decision (Feb. 19, 2010) (W-1 ID). He alleged that he made the following disclosures protected under the Whistleblower Protection Act (WPA): (1) a manager violated the Privacy Act by telling the appellant's second-level supervisor that the appellant's review of the agency's Consolidated Employee Services Center may have been unduly harsh because his daughter, who had

---

[2] During the course of the proceedings before the Board, the appellant retired from the Federal Government.

worked there, had been disciplined; (2) his first-level supervisor abused her authority and engaged in gross mismanagement by issuing and then retracting a letter of counseling and threatening to detail the appellant to another position while indicating that if the appellant applied for another position she would make everything go away; and (3) both his first- and second-level supervisors abused their authority during a number of facility reviews by arriving late, not interacting with the review team, making sarcastic and inappropriate comments in front of the team, and delegating to an inmate the handling of sensitive documents.[3] *Herman*, 115 M.S.P.R. 386, ¶ 2.  The appellant alleged that, in retaliation for his disclosures, the agency took the following personnel actions:  (1) issued him two letters of counseling; (2) gave him an unfavorable performance review; and (3) reassigned him to a different position.  *Id.*

¶3       On February 19, 2010, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that he had made a protected disclosure.  W-1 ID.  On January 7, 2011, the Board reversed the initial decision, found that the appellant had made a nonfrivolous allegation that he made protected disclosures, thus establishing Board jurisdiction, and remanded the appeal for a hearing. *Herman*, 115 M.S.P.R. 386, ¶¶ 12-14; *see Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011) (stating that once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim).

First Remand

¶4       On remand, the administrative judge assumed that the appellant had made a prima facie case of retaliation under the WPA and proceeded directly to whether the agency proved by clear and convincing evidence that it would have taken the

---

[3] The appellant also asserted that having an inmate copy the documents was a violation of a law, rule, or regulation.  *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-W-1, Initial Appeal File, Tab 4 at 12-13.

same actions absent the appellant's whistleblowing, without first deciding whether he had established by preponderant evidence that he made a protected disclosure and whether that disclosure was a contributing factor to a personnel action.[4] *Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 5 (2013). The administrative judge allowed testimony only on the issue of whether the agency established its affirmative defense by clear and convincing evidence, found that the agency met its burden of proof, and denied the appellant's request for corrective action in a September 28, 2011 remand initial decision. *Id.*, ¶ 6; *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-B-2, Remand Initial Decision (Sept. 28, 2011). On January 19, 2012, the appellant again petitioned for review, arguing that the administrative judge erred in his fact findings and credibility determinations and prevented him from fully developing his case. *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-B-2, Petition for Review File, Tab 5.

¶5      On August 12, 2013, the Board issued an Opinion and Order finding that the record was not sufficiently developed for it to determine whether the agency carried its burden by clear and convincing evidence. *Herman*, 119 M.S.P.R. 642, ¶¶ 12-20. The Board remanded the appeal for "further adjudication of the appellant's prima facie case of whistleblower reprisal" and, if necessary, a new analysis of whether the agency established by clear and convincing evidence that it would have taken the personnel actions at issue absent the disclosures. *Id.*, ¶ 21.

---

[4] This case arose under the Whistleblower Protection Act (WPA), and, under that statute, administrative judges often assumed that an appellant had established his prima facie case of retaliation by preponderant evidence and proceeded directly to the agency's affirmative defense, i.e., whether the agency proved by clear and convincing evidence that it would have taken the same action absent the whistleblowing. *See Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 17 (2003), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004).

Second Remand

¶6    A different administrative judge was assigned to adjudicate the appeal on the second remand.  The new administrative judge allowed the parties to present evidence, including hearing testimony, regarding whether the appellant had made a protected disclosure and whether that disclosure was a contributing factor to the personnel actions, i.e., an opportunity to make a prima facie case of reprisal for whistleblowing.  The new administrative judge, in a June 20, 2014 remand initial decision, determined that the appellant had not met his burden to prove his prima facie case of retaliation, finding that he had failed to prove by preponderant evidence that he had made protected disclosures.  *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-B-3, Remand Initial Decision (June 20, 2014) (B-3 RID).

¶7    In his petition for review, the appellant contended that the administrative judge was precluded by the law of the case doctrine from finding that the appellant had failed to make protected disclosures.  *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-B-3, Remand Order, ¶ 6 (July 6, 2015) (B-3 Remand Order).  He asserted that the Board found in *Herman*, 115 M.S.P.R. 386, that he had made protected disclosures.  *Id.*  He also asserted that the administrative judge erred in denying his motion to compel discovery of email exchanges between various agency officials, including the appellant's first- and second-level supervisors, to which the agency had access, as these emails were relevant to his burden to prove his prima facie case.  *Id.*

¶8    The Board found, contrary to the appellant's assertion, that it previously did not decide that he had made protected disclosures in *Herman,* 115 M.S.P.R. 386. *Id.*, ¶ 7.  Rather, the Board agreed with the administrative judge that the appellant had exhausted his procedural remedies before OSC, and that, under the "knowledge/timing" test, had made a nonfrivolous allegation that his disclosures were a contributing factor to the alleged retaliatory personnel actions, thus

establishing jurisdiction over his IRA appeal. *Id.*; *Herman*, 115 M.S.P.R. 386, ¶¶ 9-12; *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (stating that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action). Thus, the Board found that its prior decision merely precluded the administrative judge from dismissing the appellant's IRA appeal for lack of jurisdiction. B-3 Remand Order, ¶ 5.

¶9        However, the Board found that the administrative judge abused her discretion in denying the appellant's motion to compel discovery. *Id.*, ¶¶ 8-15. The Board noted that the appellant had attempted to discover emails, notably those initiated by the first- and second-level supervisors, to meet his burden of establishing a prima facie case of reprisal for whistleblowing. *Id.*, ¶ 9. Specifically, according to the appellant, the emails would show, among other things, that his second-level supervisor communicated with various agency officials, including his first-level supervisor, in an effort to control and influence agency actions involving the appellant. *Id.*

¶10       The Board also found that the record showed that the agency had two email systems, Netmail and GroupWise. *Id.*, ¶ 14. The Board indicated that GroupWise and Netmail are different email systems, that the content of the two systems, while similar in some ways, is not identical, and that based on the testimony of an agency information technology employee, the agency did not search GroupWise pursuant to the appellant's discovery request. *Id.* The Board found further that the GroupWise email system may contain emails, notably those to or from the first- and second-level supervisors, that may be relevant to the appellant's prima facie case, including the reasonableness of his belief that one of the matters he disclosed is protected, the knowledge of his disclosures by agency officials, and

the motivation of the first- and second-level supervisors, or other agency officials to retaliate against him.[5]  *Id.*  Even if the agency carried out its policy to delete the first- and second-level supervisor's email accounts after they left the agency, other employees remained at the agency who may have been the recipients of emails from the first- and second-level supervisors, emails that may remain in their GroupWise personal archives because they would have predated the agency's efforts to pull GroupWise's personal archived emails into Netmail.  *Id.*

¶11      Because the appellant bears the burden of establishing his prima facie case, and the emails in the GroupWise system appeared to be relevant or possibly lead to the discovery of relevant evidence, the Board vacated the initial decision and remanded this appeal for the administrative judge to reopen discovery, allow the appellant to request a supplemental hearing to address issues arising as a result of the agency's responses to his discovery requests, and issue a new initial decision. *Id.*, ¶ 15.

Third Remand

¶12      On remand, the appellant initiated discovery and was dissatisfied with the search results provided by the agency in response to his discovery requests.  The agency then agreed to conduct a search of the email system using search terms provided by the appellant.  *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-B-5, Appeal File (B-5 AF), Tab 5 at 1.  Prior to conducting the search, however, the agency had a "disruption of service" on the relevant email systems, did not resolve the problem, and thus did not run the search using the terms that the appellant provided.  *Id.* at 2.  The administrative judge ordered the agency to submit the specific discovery requests to which it provided responses to the appellant and to explain why it believed it had complied with the Board's previous order.  *Id.* at 3.  The administrative judge also

---

[5] The Board, in its second remand order, specifically determined that the appellant must be permitted to develop the record on the substance of his allegedly protected disclosures as well as the extent to which his second-level supervisor was aware of it. *Herman*, 119 M.S.P.R. 642, ¶¶ 12-20.

ordered the appellant to respond to the agency's submission, and to explain how the agency's response was deficient and why additional searches were necessary. *Id.* Further, the administrative judge ordered both parties to address what, if any, adverse inference would be appropriate if the agency was unable to recover access to its email records. *Id.*

¶13    In response, the agency argued that it had satisfied its discovery obligation in compliance with the Board's remand order. B-5 AF, Tab 9 at 5-6. The appellant argued for adverse inferences related exclusively to the contributing factor and clear and convincing evidence aspects of the case. *Id.*, Tab 10 at 4-9. The appellant did not provide any new evidence that supported his assertion that he made a protected disclosure and did not claim that any discovery that he requested that was not provided would assist him in establishing that he made a protected disclosure. *Id.* at 7-9.

¶14    In an August 12, 2016 remand initial decision, the administrative judge found that the Board did not reverse her finding that the appellant failed to prove by preponderant evidence that he made a protected disclosure, and that all of the adverse inferences for the agency's inability to complete discovery that the appellant requested related to the appellant's burden of establishing contributing factor and/or his ability to rebut the agency's claim that it would have taken the same action absent his disclosure; therefore, she reaffirmed her finding that the appellant failed to prove by preponderant evidence that he made a protected disclosure. *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-B-5, Remand Initial Decision at 7-9 (Aug. 12, 2016) (B-5 RID). She also found that, because the appellant failed to prove by preponderant evidence that he made a protected disclosure, she need not proceed to the issues of whether the appellant established by preponderant evidence that his alleged protected disclosures were a contributing factor to the adverse personnel actions and whether the agency proved by clear and convincing evidence that it would have taken the same actions in the absence of his whistleblowing. B-5 RID at 9-10.

¶15     On October 4, 2016, the appellant petitioned for review of the third remand initial decision and that matter is now before us.  In his petition for review, the appellant asserts that the administrative judge erred by failing to allow him a supplemental hearing based on the agency's responses to his discovery requests. *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-B-5, Petition for Review (PFR) File, Tab 3.  The agency responded to the petition, PFR File, Tab 6, and the appellant replied to the response, PFR File, Tab 9.

## DISCUSSION OF ARGUMENTS ON REVIEW[6]

¶16     As noted, the Board has jurisdiction over the appellant's IRA appeal.  In contrast to the nonfrivolous allegations necessary to establish Board jurisdiction, to establish a prima facie case of reprisal for whistleblowing under the WPA, the appellant must prove, by preponderant evidence, that he made a disclosure described under 5 U.S.C. § 2302(b)(8) and the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 16 (2012).  To establish that an appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8), he need not prove that the matter disclosed actually established one of the categories of wrongdoing listed under section 2302(b)(8); rather, he must show that the matter disclosed was one which a reasonable person in his position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8).  *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 19 (2010); *see Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 11 (2016) (applying the same principle after enactment of the Whistleblower Protection Enhancement Act).  Only if the appellant makes a prima facie case does the agency have the burden to prove by clear and

---

[6] The events at issue in this appeal all occurred prior to the 2012 enactment of the Whistleblower Protection Enhancement Act.  See Pub. L. No. 112-199, 126 Stat. 1465. We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

convincing evidence that it would have taken the same action in the absence of the appellant's whistleblowing. *Jenkins*, 118 M.S.P.R. 161, ¶ 16.

¶17        As noted, in the Board's decision on the petition for review of the second remand initial decision, after affording the appellant a hearing, the administrative judge found that the appellant failed to establish that he made a protected disclosure. B-3 Remand Order, ¶ 5. Thus, she did not reach the issue of whether the appellant proved contributing factor by preponderant evidence, and did not shift the burden to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the protected disclosure.

¶18        When the Board remanded the appeal for the third time, it did so to assure that the appellant would have the opportunity to discover evidence that might allow him to prove by preponderant evidence that the matters he disclosed were ones which a reasonable person in his position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8). B-3 Remand Order, ¶¶ 8-15. Here, we agree with the administrative judge that the additional evidence that the appellant discovered and that he sought in discovery was not relevant to that issue. B-5 RID. Indeed, in his petition for review, the appellant admits that the evidence that he sought related to whether he established that his protected disclosures were a contributing factor to the personnel actions and to his rebuttal of the evidence that the agency would have taken the same action absent his whistleblowing. PFR File, Tab 3 at 5-7. Because the appellant failed to show that issues regarding whether he established that he made protected disclosures arose as a result of the agency's responses to his discovery request or as a result of the agency's inability to respond to his discovery requests, he was not entitled to a supplemental hearing, and the administrative judge did not err in failing to afford him such a hearing.

<u>The appellant did not show by preponderant evidence that he had a reasonable belief that his disclosures evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8).</u>

¶19    We agree with the administrative judge that the Board did not reverse her earlier finding that the appellant failed to prove by preponderant evidence that his disclosures were ones that a reasonable person in his position would believe evidenced any of the situations specified in 5 U.S.C. § 2302(b)(8).  B-5 RID at 7. However, because the Board vacated the remand initial decision, we now address whether the appellant met his burden.  The test in assessing whether the appellant had a reasonable belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions disclosed could be a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, abuse of authority or a substantial and specific danger to public health and safety.  *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

<u>The appellant failed to show that he reasonably believed that an agency manager violated a law, rule, or regulation by revealing information about his daughter's disciplinary history.</u>

¶20    The appellant stated he made his first disclosure to his fourth-level supervisor when he told her that the Deputy Assistant Director, Human Resources Management Division at the Consolidated Employee Services Center, violated the Privacy Act by informing the appellant and the appellant's second-level supervisor that the appellant's daughter, who previously worked at the facility, had been suspended for misconduct.  *Herman,* 115 M.S.P.R. 386, ¶ 2.  The stated reason for providing this information was a concern about the appellant's objectivity, but the appellant asserted that questions about his daughter's suspension were unrelated to the Consolidated Employees Services Center review and that there was "no supportable evidence of [his] alleged bias or retaliation or any finding of bias or retaliation."  *Herman v. Department of Justice,* MSPB Docket No. DC-1221-10-0164-W-1, Petition for Review File, Tab 3 at 2.  The

Board previously found that, because there was no record evidence that the appellant's duties required him to be familiar with the intricacies of the Privacy Act, he made a nonfrivolous allegation that, if proven, could establish a protected disclosure. *Herman*, 115 M.S.P.R. 386, ¶ 10. As discussed below, however, the appellant has failed to establish by preponderant evidence that this disclosure was protected.

¶21 In his hearing testimony, the appellant stated that reviews are a "big deal" and affect an institution's accreditation. *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-B-3, Appeal File (B-3 AF), Hearing Transcript (B-3 HT) at 197 (testimony of the appellant). Because of the consequences of the reviews, it is critical that they be performed in an objective and unbiased manner. The appellant acknowledged that it would be proper to notify a manager if there was concern about an employee's neutrality or if there was reason to believe that an employee was unprofessional. *Id.* at 203 (testimony of the appellant).

¶22 If, as here, the family member of a Human Resource Management Examiner was disciplined by management in the reviewed office, it is reasonable to consider whether the Examiner could be biased in his review. As noted above, the appellant acknowledged in his testimony that it would be proper to notify management if there was a concern about an employee's neutrality and he has not identified any other potential basis for the Consolidated Employee Services Center manager to provide information about the appellant's daughter. Thus, we conclude that, while he was not an expert in the Privacy Act, the appellant understood the importance of impartial reviews and the agency's interests in ensuring that reviewers had no potential bias. Thus, we conclude that he failed to prove by preponderant evidence that he reasonably believed that he disclosed a violation of law, rule, or regulation.

<u>The appellant failed to show that he reasonably believed that agency managers abused their authority and engaged in gross mismanagement by issuing him a letter of counseling and discussing a reassignment with him.</u>

¶23      The appellant stated he also disclosed that his supervisor issued him and then retracted a letter of counseling, made derogatory log entries about him, and detailed him to another position while indicating that, if he applied for a position elsewhere, she would make this all go away. *Herman*, 115 M.S.P.R. 386, ¶ 11. The appellant stated that he made the disclosure to his third-level supervisor and that the agency's action constituted gross mismanagement and an abuse of authority. *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-W-1, Initial Appeal File (IAF), Tab 4 at 12.

        <u>Gross Mismanagement</u>

¶24      Gross mismanagement means an action or inaction that creates a substantial risk of a significant adverse impact on the agency's ability to accomplish its mission; it is more than de minimis wrongdoing or negligence. *Jensen v. Department of Agriculture*, 104 M.S.P.R. 379, ¶ 9 (2007). The appellant has not provided any evidence or argument regarding how the agency's action or inaction in this instance created a substantial risk of a significant adverse impact on the agency's ability to accomplish its mission. Therefore, we find that he has not shown that he had a reasonable belief that his disclosure evidenced gross mismanagement.

        <u>Abuse of Authority</u>

¶25      Abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or preferred other persons. *Herman*, 115 M.S.P.R. 386, ¶ 11. There is no de minimis standard for abuse of authority as a basis of a protected disclosure under the WPA. *Id.* Harassment or intimidation of other employees may constitute an abuse of

authority. A supervisor's use of her influence to denigrate staff members in an abusive manner and to threaten the careers of staff members with whom she disagrees constitutes abuse of authority.[7] *Id.*

*The appellant has failed to prove that he reasonably believed that the issuance of the letter of counseling was an abuse of authority.*

¶26    The appellant asserts that he disclosed to his third-level supervisor that his first-level supervisor improperly gave him a letter of counseling and threatened to reassign him. B-3 HT at 163-65 (testimony of the appellant). The appellant's first-level supervisor testified that she issued the appellant a letter of counseling because she observed, and was made aware of, communication and interpersonal skills issues that were unprofessional and not productive. B-3 AF, Tab 52 at 320 (testimony of the appellant's first-level supervisor).[8] The letter specifically addressed the appellant's communication with management and stated that the appellant was defensive and argumentative when questioned about work assignments or review schedules. *Herman v. Department of Justice*, MSPB Docket No. DC-1221-10-0164-B-2, Appeal File (B-2 AF), Tab 3, Subtab 7C. Further, the appellant's first-level supervisor stated that the appellant needed to focus on the mission of the division, rather than on his personal preferences. *Id.*

---

[7] In her initial decision, the administrative judge adopted her previous findings that, among other things, the letter of counseling and the suggested reassignment of the appellant were not arbitrary and capricious and thus not an abuse of authority. B-5 RID at 9; B-3 RID at 10-13. To establish that the appellant had a reasonable belief that a disclosure met the criteria of 5 U.S.C. § 2302(b)(8), he need not prove that the matter he disclosed actually constituted an abuse of authority; rather, the appellant must show that the matter disclosed was one which a reasonable person in his position would believe evidenced an abuse of authority. *Schnell*, 114 M.S.P.R. 83, ¶ 19. Any error in this regard by the administrative judge did not prejudice the appellant's substantive rights because, as discussed below, the appellant failed to show that he disclosed a matter that a reasonable person in his position would believe evidenced an abuse of authority.

[8] This citation is to the transcript of the August 17, 2011 hearing in the appellant's case. Portions of the transcript of that hearing were submitted into the record by the agency as exhibits to its closing argument. The appellant has not alleged any errors in the transcript provided by the agency.

She testified that the appellant acknowledged issues with his communications, B-3 AF, Tab 52 at 321 (testimony of the appellant's first-level supervisor), and stated in his performance appraisal, prepared in April 2008, that the appellant recognized the need to improve his communications and that he had, in fact, improved, B-2 AF, Tab 3, Subtab 5. She explained that she withdrew the letter of counseling after the appellant acknowledged that he "needed to tone it down a little bit" and demonstrated a willingness to "change his tone." B-3 AF, Tab 52 at 321 (testimony of the appellant's first-level supervisor).

¶27 The appellant acknowledged receiving the letter of counseling. B-3 HT at 162-63 (testimony of the appellant). He testified that he thought that his communication skills were "pretty good." *Id.* at 165 (testimony of the appellant). He stated that he spoke to his third-level supervisor on March 5, 2008, about the letter of counseling, *id.* at 165-66 (testimony of the appellant), but the appellant's third-level supervisor did not testify about a meeting with the appellant in March 2008, but rather stated that she met with him regarding his complaints about his supervisors in July 2008, B-3 AF, Tab 52 at 264 (testimony of the appellant's third-level supervisor). The appellant's third-level supervisor did not testify regarding speaking to the appellant's first-level supervisor about the communication letter of counseling,[9] and the first-level supervisor stated she did not recall speaking to the third-level supervisor about it. *Id.* at 345-46 (testimony of the appellant's first-level supervisor).

¶28 The agency has presented testimony and documentary evidence from the appellant's first-level supervisor that the appellant acknowledged his communications issues. This acknowledgement is consistent with the agency's withdrawal of the letters of counseling based on the appellant's recognition of his

[9] The appellant's third-level supervisor stated she spoke to the appellant about letters of counseling in July 2008, and not the March 3, 2008 letter. B-3 AF, Tab 52 at 269 (testimony of the appellant's third-level supervisor). According to the appellant's third-level supervisor, the letters of counseling she discussed with the appellant were not in the record because "they were pulled." *Id.* at 270 (testimony of the appellant's third-level supervisor).

problem and need for improvement. Furthermore, while he asserts that he spoke to his third-level supervisor about the letter of counseling, which could suggest that he disagreed with the letter, the agency witnesses do not support his version of events.

¶29 Based on our review of the record evidence, the appellant acknowledged that he had some communications issues. A reasonable person would not find the issuance of a letter of counseling regarding an acknowledged weakness to constitute an abuse of authority. Thus, we find that the appellant has not demonstrated by a preponderance of the evidence that he reasonably believed that the agency engaged in an abuse of authority.

¶30 Furthermore, even if the appellant did not agree with his first-level supervisor's assessment that he had communication issues, that disagreement does not mean that the appellant reasonably believed that his supervisor's actions constituted an abuse of authority. It is not reasonable for an employee to believe that a letter of counseling about an assessment of his performance, with which he disagrees, without more, such as a threatened disciplinary action or a significant change in duties, constitutes an abuse of authority by his supervisor. The whistleblower protection statutes were never intended to cover individual complaints and grievances about how an employee was treated. *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 18 (2006) (finding that the appellant's disclosures, which were "fundamentally his own complaints and grievances about how he was treated by the agency," were not protected disclosures); *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶ 24 (2005) (finding that the appellant's "personal complaints and grievances about how he was treated by the agency or mere debatable disagreements with the agency's policy decisions" did not constitute protected disclosures); *see Willis v. Department of Agriculture*, 141 F.3d 1139, 1144 (Fed. Cir. 1998) (explaining that the WPA "is intended to protect government employees who risk their own personal job security for the advancement of the public good by disclosing abuses

by government personnel"), *superseded by statute on other grounds as stated in Salazar v. Department of Veterans Affairs*, 2022 MSPB 42; *Frederick v. Department of Justice*, 73 F.3d 349, 353 (Fed. Cir. 1996) (recognizing that the purpose of the WPA is to "root out real wrongdoing"). Thus, we conclude that the appellant did not make a protected disclosure of an abuse of authority.

> *The appellant has failed to prove that he reasonably believed that discussing, but not directing, a reassignment was an abuse of authority.*

¶31    The appellant testified that his first-level supervisor told him that he would be reassigned to another section at the time he received the letter of counseling in March 2008, that she explained it was to get him off his second-level supervisor's "radar," and that if he applied for another job "everything would go away." B-3 AF, Tab 52 at 79-82 (testimony of the appellant). The appellant's first-level supervisor acknowledged that she discussed a possible reassignment with the appellant in March 2008, but that when he objected to the reassignment, another employee who volunteered for the assignment was reassigned instead.[10] *Id.* at 346-50 (testimony of the appellant's first-level supervisor).

¶32    As discussed above, an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or preferred other persons. *Herman*, 115 M.S.P.R. 386, ¶ 11. Here, the record shows that the appellant's first-level supervisor discussed with the appellant a possible reassignment to a similar position with the appellant's organization, but when he objected to the proposed reassignment, no action was taken. Thus, there was never an exercise of power or authority taken by any agency official that adversely affected the rights of anyone, including the appellant, or resulted in personal gain or advantage.

---

[10] The fact that another employee volunteered for the reassignment and was in fact reassigned shows that the possible reassignment discussed with the appellant was legitimate.

¶33    Likewise, the appellant's complaint about the reassignment was, at most, his mere disagreement with a possible agency action that might have affected a single individual—himself—which does not otherwise constitute a protected disclosure under the WPA.  On the record before us, we find that the appellant alleged facts that showed the agency's course of action of talking to him about a possible reassignment was simply a reasonable exercise of management discretion in handling a potential personnel matter.  Accordingly, applying the disinterested observer standard to these facts, we find that the appellant did not have a reasonable belief that his disclosure regarding a possible reassignment was protected because he did not sufficiently allege an abuse of authority.  *See generally White v. Department of the Air Force*, 391 F.3d 1377, 1382 (Fed. Cir. 2004) (holding that a policy disagreement cannot serve as the basis for a protected disclosure unless the legitimacy of a particular policy choice is not debatable among reasonable people).

The appellant failed to show that he reasonably believed that agency managers abused their authority through their conduct during program reviews.

¶34    According to his OSC complaint, on July 23, 2008, the appellant disclosed to his third-level supervisor that, during program reviews, the appellant's first- and second-level supervisors arrived late, were not interacting with the team, made sarcastic and inappropriate comments in front of the team, and delegated to an inmate orderly the handling of sensitive documents.  *Herman*, 115 M.S.P.R. 389, ¶ 12; IAF, Tab 4 at 12.  The appellant stated that he met with his second-level supervisor after speaking with his third-level supervisor and discussed these issues with his second-level supervisor.  IAF, Tab 4 at 13.  The Board found in a previous decision that the appellant made a nonfrivolous allegation of abuse of authority based on his disclosure that his supervisors harassed or intimidated the review team by making sarcastic remarks in front of them.  *Herman*, 115 M.S.P.R. 389, ¶ 12.

¶35    The appellant acknowledged that he did not know what his supervisors were doing before they arrived at the program reviews, that they could have been doing other work, and that it was not his place to question what his supervisors were doing. B-3 HT at 218-19 (testimony of the appellant). Beyond his supervisor's tardiness, in his OSC complaint the appellant made general statements about his supervisor's unprofessional interaction with the institution staffs and the members of the facility review team, including the purported making of sarcastic and inappropriate comments in front of the team. IAF, Tab 4 at 12-13, 20-21. He did not provide any specific information regarding these actions.

¶36    As noted above, an abuse of authority involves the arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or preferred other persons. *Herman,* 115 M.S.P.R. 386, ¶ 11. The appellant has not shown how the general allegations of purported wrongdoing set forth above establish that a reasonable person with the knowledge of someone in his position would have a reasonable belief that his supervisors engaged in an abuse of authority.[11]

_____

[11] The appellant also alleged that his second-level supervisor directed an inmate orderly to make copies of time and attendance documents. IAF, Tab 4 at 13, 21. He appears to allege that this was a violation of a law, rule, or regulation. Ordinarily, to make a protected disclosure of a violation of a law, rule, or regulation, an employee must identify the specific law, rule, or regulation that was violated. *Langer v. Department of the Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001). However, the employee need not identify a statutory or regulatory provision by title or number when the employee's statements and the circumstances of those statements clearly implicate an identifiable law, rule, or regulation. *Id*.; *Mogyorossy v. Department of the Air Force*, 96 M.S.P.R. 652, 660 (2004). Here, the appellant has failed to identify any specific law, rule, or regulation that prohibits requesting an inmate orderly to copy time and attendance documents, nor is there one that is readily identifiable by surrounding circumstances. Indeed, the appellant provided no evidence regarding the role of inmate orderlies, and provided no basis to conclude they would be precluded from making copies of office records. The fact that the records at issue contained allegedly "sensitive" information does not in itself provide a basis for finding it prohibited absent some evidence to support such a conclusion. Accordingly, we find the appellant has provided insufficient evidence to satisfy his burden of proof that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by him could reasonably conclude

Conclusion

¶37 Based on the foregoing, we find the appellant has failed to establish that he made a protected disclosure. For that reason, we affirm the initial decision as modified and deny the appellant's request for corrective action. Except as modified by this Final Order, the initial decision of the administrative judge is the Board's final decision.

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

_____

that the actions disclosed were a violation of law, rule, or regulation. *Lachance*, 174 F.3d at 1381.

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S.420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Jennifer Everling*

FOR THE BOARD:              _____
                            Jennifer Everling
                            Acting Clerk of the Board

Washington, D.C.